IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVEY ENRIQUEZ, #1483328, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3072 |
| | § | |
| TDCJ, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is plaintiff's *pro se* motion to extend the deadline to file an appeal (Docket Entry No. 44) and his memorandum in support (Docket Entry No. 48).

The Court dismissed this *pro se* state inmate civil lawsuit on March 29, 2017, and mailed a copy of the dismissal order to plaintiff at his address of record. Plaintiff acknowledges that he received his copy of the order on April 4, 2017. He subsequently filed the pending motion with a notice of appeal, but did not utilize the "mail box rule." However, his mailing envelope was postmarked May 3, 2017, and the motions itself stated that it was sent to opposing counsel on May 3, 2017. The Court used May 3, 2017, as the filing date for the notice of appeal and pending motion.

Plaintiff's notice of appeal was due within thirty days after entry of the judgment. FED. R. APP. P. 4(a)(1). Because the judgment in this case was entered on March 29, 2017,

plaintiff's notice of appeal was due April 28, 2017. Plaintiff's notice of appeal, filed on May 3, 2017, was untimely.

The time for filing a notice of appeal may be extended for an additional thirty days if, upon motion, the movant shows "excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A). Because plaintiff's motion did not request an extension on the basis of excusable neglect or good cause or plead any supporting facts, the Court ordered him to set forth factual allegations supporting his motion.

In his timely response to the Court's order (Docket Entry No. 48), plaintiff claims that he placed his motion in the prison mail room on April 22, 2017, and that prison officials must have deliberately failed to mail it out on time. This self-serving allegation is refuted by plaintiff's own pleadings. Plaintiff's notice of appeal/motion for an extension shows on its face that it was mailed no earlier than May 3, 2017. Plaintiff fails to explain the discrepancy between his certificate of service dated May 3, 2017, and his unsupported allegation that the motion was actually mailed on April 22, 2017. Plaintiff does not provide this Court with a copy of the relevant mailing log proving that he mailed his motion on April 22, 2017.

Moreover, if plaintiff did in fact mail his notice of appeal on April 22, 2017, and knew that the notice of appeal was due April 28, 2017, he had no need to include a motion for an extension of time to file the notice of appeal. That he did include a motion for an extension of time is an additional indication to this Court that he did not mail the notice of appeal/motion for an extension of time on April 22, 2017. Regardless, plaintiff clearly,

unambiguously, but incorrectly, stated in his notice of appeal/motion for an extension of time that his notice of appeal was due May 3, 2017.

Plaintiff fails to prove that he timely mailed his notice of appeal, and fails to allege, much less show, excusable neglect or good cause for an extension of time under Rule 4(a)(5)(A). The motion for an extension of time (Docket Entry No. 44) is **DENIED**.

Signed at Houston, Texas, on this the 13th day of June, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3